And Mr. Shackleford is here present today. So you can make yourself comfortable up at the desk over here on this side. Take a minute. Don't worry about it. You can get all your papers there. We're in no rush. And then once you're all settled, you can adjust the microphone and we'll hear from you. So Mr. Shackleford, as you may have seen by watching some of the cases that go before, because you're the appellant, you get to go first. So you can step up to the podium. You can adjust the microphones to make sure that we can hear you because we want to hear everything you have to say. And whenever you're ready to start, that's good. So each side in this case is going to get five minutes to talk. You can keep one minute for rebuttal. So that means you go for four minutes, the other side five. And then if there's something that you want to add, if there's something that you hear the other lawyer say that you think you'd like to respond to, you sort of get last licks because you're the one who's appealing the case. Does that make sense? Yes. Okay. So we're happy to hear you whenever you're ready. This is Dave Shackleford. And this case is an appeal from the district court in New Haven. It's a case for SSI and SSDI under the Social Security Act, whereby the plaintiff filed for benefits commencing in August of 2016, and it was duplicated in 2019 by his former representative. The district court in 2020 remanded the case and a remand order that the case be consolidated into one. The summary judgment order granted to the defendant on August 7, 2024, in the district court of Connecticut by the Honorable Judge Michael T. Shea, contrary to Rule 56 of the Civil Procedures of the district court, as also contrary to Rule 12 of the Civil Procedures regarding motion in the state court. The district court did not abide by the legal standards set forth relevant to summary judgment orders. Toland v. Cotton, on page 2 of the order granting summary judgment to the defendant, they clear ambiguity as to the actions of the defendant, which caused me to file the civil action in court when I did. I was informed on February 22, 2024, by SSA personnel, Ms. Vasquez and Ms. Girelda, that my case was closed. That is what— Your case was closed, but what concerns me here is that you had proceeded before the case was closed, and then you took an appeal within the agency to the appeals counsel,  My former representative filed an appeal because I was given an unfavorable decision by the agency. So she had filed an appeal with the appeals counsel. Yeah. Let me just ask on that question about the appeals counsel. Yes. The appeals counsel never ruled. Is that right? It never— No, it has not ruled since then. Right. But it could rule, or maybe there'd be further proceedings in the appeals counsel. I'm taking that what Ms. Girelda and Ms. Vasquez did on February 22, 2024, was to conclude that my case was finished, and that the appeals counsel would not be doing anything. But there was no determination by the appeals counsel, correct? I didn't get anything from the appeals counsel. I've even written to them seeking a— A decision? Seeking a status of claim letter on my case, and to date, they have not responded to me. Further on, my case is prejudiced by a statement in the filing that my former representative filed an appeal in May of 2023, whereby she referenced me as ISIS, which means terrorist to me. You can find that in the appeals documents that I— But we have limitations on what we can do as a court, and the district court does as well, so long as there are proceedings continuing in the Social Security Administration. My understanding is that you have some exceptions that you filed, and the Social Security Administration has said if you withdraw those exceptions—  —then they can issue a final decision, and then you can go ahead and appeal to the court, and the courts would be able to consider your matter. And I know that it's been pending for such a long time. I think you first applied for benefits in 2016, right? Yes, Your Honor. Yeah. But we have this barrier to acting on the merits of your complaint and your action. Yes, Your Honor. And so I'll ask this lawyer for the Social Security Administration. Yes, Your Honor. But I think that was my understanding about why the district court said we can't consider it. That's why I have concerns about whether we can consider the substance of your claim right now. Okay. But so have you considered—do you understand that it was a possibility to withdraw your exceptions? Given what you said to me here, Your Honor, I consider withdrawing it so that they can make a final decision, and then I'll appeal. Uh-huh. I'll take that step. But right now it's pending. It's pending before the appeals council. Yes, Your Honor. So why don't we do this, Mr. Shackle? You've reserved a minute, so we'll hear back from you. We kept you up for a little longer, but don't worry. We're still going to give you the extra minute. Why don't we hear from the government attorney who can also confirm your understanding of where things stand before the appeals council, just where we are now. That would be a great place to start, okay? So you wait. We'll hear from the government. And if you could just confirm for us just where things stand, I think would be helpful. Ms. Carter, right? Yes, Your Honors. Good morning. May it please the Court. To answer Your Honor's questions, the exceptions remain pending with the appeals council. They essentially—the appeals council won't act on them while there's a court proceeding, so they have been at the same place that they were when the declaration that's in the record was issued in June of last year. No action would be taken while the case has been in court. June of 24, you're saying? Yes. So would it be fair to say that if this case before us wrapped up, then the agency, the appeals council, would then be free to move forward and get the gears in motion again? Yes, Your Honor. Yes, Your Honor. Thank you. Essentially, the district court, on the facts that exist as they do, did appropriately grant summary judgment for the defendant because Mr. Shackelford's complaint sought judicial review of the ALJ's decision. But when he filed that complaint, his exceptions were still pending, as the appeals council confirmed. Is it fair to—as a general description of how these things work, that you can bring claims and ask the agency to sort them out, but they basically put them all on ice while a court case is pending? Yes. And the way to unfreeze that would be for this court case to wrap up, and that would allow the agency to get going again, right? Yes. Yes, precisely, Your Honor. And so affirming the district court in no way precludes Mr. Shackelford from ultimately obtaining review. As Your Honor's alluded to, he could request in writing to withdraw his exceptions from the appeals council or choose to proceed with them. If he withdraws his exceptions, the ALJ's decision would be final and immediately subject to judicial review. If he proceeds with exceptions, there are three possible outcomes. One is that the appeals council could decline review, which would make the ALJ's decision final and subject to judicial review. Two, the appeals council could issue its own decision, which would itself become final and be the commissioner's final decision. Or three, the appeals council could vacate the ALJ's decision and remand for another decision, which would then just have to pass through the administrative process before it becoming final. So those are the options that are available because none of those things has happened yet. Judicial review is premature, and the district court's decision was appropriate. Let me ask another question. I believe Mr. Shackelford is attempting to get some additional records. It wasn't entirely clear about the nature of those records. Could you help enlighten me about that? So I believe that there were requests for two sets of records. One was a request for his administrative transcripts, the medical records, and the hearings before the ALJ. So that's the record at the agency? Yes. And we haven't produced that yet because the case was we got summary judgment because the judicial review is premature. But that's locked up. Yes. But that's the record that you're all. If this goes away here, then that would be the next step, right? Yes. Are you saying that you have reviewed the records, or you haven't even looked at the request at this point? I personally have not seen the administrative record before the ALJ. No, I know. I wouldn't expect you to. Super active in trying to find extra work that wasn't necessary. So where does that stand? How long would that be before he would get his records? Do you have any idea? To produce the record, the agency has 60 days from the filing of a complaint. The record is produced under the current model rules. The record is produced in lieu of an answer to the complaint. So it's like any other complaint against the government. The agency has 60 days to produce the record. All right. Well, thank you very much, Attorney Cordray. We appreciate that. Thank you, Your Honor. Mr. Shackelford, I think you heard a little bit of what we were saying. Please come up to the podium. You'll have a minute of rebuttal. And before we start it, were you able to understand what we were talking about with the government attorney, that basically while the court case is going on, that has wound up freezing what's going on before the appeals council? But if this were to end, then everything else can kick into gear and start moving forward. Did you understand that discussion? Yes, Your Honor. Is there anything that you would like to add with us? We can start the clock now. Is there anything else that you would like to say to the court before we close today? The summary judgment order would not affect my getting benefits should I withdraw the case. No. Would not affect anything. You need to go back to the agency. The summary judgment was because there was a case pending before the agency. And it doesn't affect the merits of that case. Okay. This case is basically just slowing things down for you, just so you understand. What's going on in courts is just slowing down the agency being able to look at your requests. Okay. Now, the government is not saying you will win or lose before the agency. She would never know that. Understood. But your coming into the federal courts is slowing down the process of figuring out your benefits question. Just want to make sure you understand that. Do you have an idea how you would withdraw the exceptions? What we've been talking about is you need to withdraw your exceptions. Okay. I could write to the Social Security Administration, the appeals council, or the regular office, stating that I'm withdrawing pending. Your exceptions. Right. The exceptions are giving them the time to rule on the exception that is before them. I don't know if there's a secure way to do that in the act. But in any event, another way, it would seem to me, would be to call, to write a letter to the appeals council, saying you're withdrawing the exceptions. They would then dismiss the appeal, and then you could proceed in court. Okay. Because that would be a final determination, presumably, by the agency. Okay. But there are a couple ways to go. Yeah. Okay. So thank you very much, Mr. Shackelford, for coming in today. I hope that this has added some clarity for you about how things stand. As far as the court is concerned, we're not going to make a decision right now in court. Because what we do is we go back, we talk about all of the cases. You may have seen all the lawyers who came, gave their arguments today, and we said we will take the case under advisement. That means we're going to go talk about this afterwards, and there will be a written ruling that then comes out. Yes, sir. So you'll get that ruling at some point. So we thank you and the government for coming in today and for your arguments, and there will be a written ruling coming to you from the court. Thank you. And hopefully very soon. Thank you. Thank you both. We will take the case under advisement.